Michael S. Davis (MD-6317)
Anthony I. Giacobbe, Jr. (AG-0711)
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

Attorneys for Petitioner,
National Union Fire Insurance Company of Pittsburgh, Pa.

*JUDGE PRESKA*

*07 CV 3513*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, on behalf of itself and each of the related insurers that provided coverage to respondents,<br><br>Petitioner,<br><br>- and -<br><br>HOBBS STAFFING SERVICES, INC. and US STAFF-HOLDING CORPORATION,<br><br>Respondents. | Case No.:<br><br>**PETITION TO COMPEL ARBITRATION AND TO <u>APPOINT AN ARBITRATOR</u>** |

Petitioner, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), by its attorneys, Zeichner Ellman & Krause LLP, as and for its petition to compel Hobbs Staffing Services, Inc. and US Staff-Holding Corporation (together, "Respondents") to arbitrate, avers upon information and belief, as follows:

1. This Court has subject matter jurisdiction over this matter due to the diversity of citizenship of the parties, under 28 U.S.C. § 1332(a)(1). It is a dispute between citizens of different states and the amount in controversy is more than $75,000.

2. Petitioner National Union is a corporation existing under the laws of Pennsylvania, with offices and principal places of business in the Southern District of New York.

3. Respondent Hobbs Staffing Services, Inc. is a corporation organized and existing under the laws of Tennessee, with an office and principal place of business in North Carolina.

4. Respondent US Staff-Holding Corporation is a corporation organized and existing under the laws of North Carolina, with an office and principal place of business in North Carolina.

5. Respondents are subject to the personal jurisdiction of this Court.

6. Beginning as of September 30, 2003, National Union provided certain insurance coverages for the benefit of Respondents and their employees pursuant to an insurance program (the "Insurance Program").

7. National Union served a Demand for Arbitration dated March 15, 2007 asserting claims for all amounts owed to it as reimbursement, expenses, fees, premiums, damages or as security pursuant to the Insurance Program. The Demand for Arbitration, with Exhibits A through V, is annexed as Exhibit 1.[1]

---

[1] Exhibits referred to herein are annexed to the Declaration in Support of Order to Show Cause of Anthony I. Giacobbe, Jr. dated May 1, 2007.

2

8. In connection with the Insurance Program, the parties entered into a Payment Agreement dated as of September 30, 2003 (the "Payment Agreement," annexed as Exhibit A to Exhibit 1), and an addendum to same (the "Addendum," annexed as Exhibit E to Exhibit 1) containing an arbitration clause.

9. The Insurance Program was renewed each year through 2006 by the adoption of certain addenda and schedules to the Payment Agreement. The Insurance Program agreements are annexed as Exhibits A through L to Exhibit 1.

10. The Payment Agreement provides for arbitration of disputes pursuant to an Arbitration Clause (the "Arbitration Clause") which provides:

> We will review the disputed items promptly and provide *You* with further explanations, details, or corrections. *You* must pay us the correct amounts for the disputed items within 10 days of agreement between *You* and us about their correct amounts. Any disputed items not resolved within 60 days after our response to *Your* written particulars must immediately be submitted to arbitration as set forth below. With our written consent, which shall not be unreasonably withheld, *You* may have reasonable additional time to evaluate our response to *Your* written particulars.
>
> So long as *You* are not otherwise in default under this Agreement, we will not exercise our rights set forth under "What May We Do in Case of Default?", pending the outcome of the arbitration on the disputed amount of *Your Payment Obligation*.
>
> **What about disputes other than disputes about payment due?**
>
> Any other unresolved dispute arising out of this Agreement must be submitted to arbitration. *You* must notify us in

writing as soon as *You* have submitted a dispute to arbitration. We must notify *You* in writing as soon as we have submitted a dispute to arbitration.

**Arbitration Procedures**

**Qualifications of arbitrators:** Unless *You* and we agree otherwise, all arbitrators must be executive officers or former executive officers of property or casualty insurance or reinsurance companies or insurance brokerage companies, or risk management officials in an industry similar to *Yours*, domiciled in the United Sates of America not under the control of either party to this Agreement.

**How the arbitration must proceed:** The arbitrators shall determine where the arbitration shall take place. The arbitration must be governed by the United Sates Arbitration Act, Title 9 U.S.C. Section 1, et seq. Judgment upon the award rendered by the arbitrators may be entered by a court having jurisdiction thereof.

*You* and we must both submit our respective cases to the arbitrators within 30 days of the appointment of the third arbitrator. The arbitrators must make their decision within 60 days following the termination of the hearing, unless *You* and we consent to an extension. The majority decision of any two arbitrators, when filed with *You* and us will be final and binding on *You* and on us.

The arbitrators must interpret this Agreement as an honorable engagement and not merely a legal obligation. They are relieved of all judicial formalities. They may abstain from following the strict rules of law. They must make their award to effect the general purpose of this Agreement in a reasonable manner.

The arbitrators must render their decision in writing, based upon a hearing in which evidence may be introduced without following strict rules of evidence, but in which cross-examination and rebuttal must be allowed.

The arbitrators may award compensatory money damages and interest thereupon. They may order *You* to provide collateral to the extent required by this Agreement. They

4

will have exclusive jurisdiction over the entire matter in dispute, including any question as to its arbitrability. However, they will not have the power to award exemplary damages or punitive damages, however denominated, whether or not multiplied, whether imposed by law or otherwise.

**Expenses of Arbitration:** *You* and we must each bear the expense of our respective arbitrator and must jointly and equally bear with each other the expense of the third arbitrator and of the arbitration.

This Section will apply whether that dispute arises before or after termination of this Agreement.

See, Payment Agreement, Exhibit A to Exhibit 1, pp. 8-9.

**How arbitrators must be chosen:** You must choose one arbitrator and we must choose another. They will choose the third. If you or we refuse or neglect to appoint an arbitrator within 30 days after written notice from the other party requesting it to do so, or if the two arbitrators fail to agree on a third arbitrator within 30 days of their appointment, either party may make application only to a court of competent jurisdiction in the City, County, and State of New York. Similarly, any action or proceeding concerning arbitrability, including motions to compel or to stay arbitration, may be brought only in a court of competent jurisdiction in the City, County, and State of New York.

See, Addendum, Exhibit E to Exhibit 1, p. 3 at ¶5.

11. By the Demand, National Union demanded that Respondents appoint an arbitrator within 30 days as required by the Arbitration Clause. See Exhibit 1, p. 10.

12. Respondents refused to submit to arbitration and commenced an action in the General Court of Justice, Superior Court Division, Guilford County, North Carolina entitled <u>Hobbs Staffing Services, Inc. and US Staff-Holding Corporation v. American International Group, Inc. and National Union Fire Insurance Company of Pittsburgh, PA and American Home Assurance Company and AIG Risk Management, Inc.</u>, 2007 CVS 4976 by filing a complaint (the "North Carolina Complaint") seeking to stay or avoid this Arbitration. The North Carolina Complaint is annexed as Exhibit 2.

13. Respondents have also failed to appoint an arbitrator.

14. The Payment Agreement requires:

> . . . all arbitrators **must be executive officers or former executive officers of property of casualty insurance or reinsurance companies or insurance brokerage companies,** or risk management officials in an industry similar to *Yours*, domiciled in the United States of America not under the control of either party to this Agreement.

<u>See</u> Payment Agreement, Exhibit A to Exhibit 1, p. 8.

15. On a prior occasion in another case, National Union similarly asked the New York State Supreme Court to appoint an arbitrator under a similar contractual provision, and in that instance, the Court turned to ARIAS*US, an association that trains and certifies arbitrators for the insurance and reinsurance industry. <u>See</u> the unpublished decision of the New York State Supreme Court in <u>National Union v. Dyneer</u>, a copy of

6

which is annexed as Exhibit 3, in which the Court "reviewed candidates from the list maintained by ARIAS U.S.," and chose from that list. We ask this Court to do the same.

16. ARIAS certifies over 300 potential arbitrators. Many, but not all, ARIAS-certified arbitrators qualify under the Payment Agreement.

17. All ARIAS-certified arbitrators are listed on its web page http://www.arias-us.org. ARIAS' website also lists a more select group of individuals it recommends to serve as neutral arbitrators (referred to as "Umpires").

18. In order to aid the Court to select qualified individuals, who are certified to be both qualified and neutral, National Union offers the following six candidates from the more select ARIAS Umpire list, and asks this Court to select from among these six names:

>   Janet J. Burak
>   Mary Ellen Burns
>   Ronald S. Gass
>   Sylvia Kaminsky
>   Andrew S. Walsh
>   Richard L. White

The ARIAS resume of each of these individuals is annexed as Exhibit 4.

19. No previous request has been made for the relief requested herein.

WHEREFORE, National Union respectfully requests that this Court compel Respondents to arbitrate the disputes asserted in the Demand and appoint an arbitrator to serve in the arbitration.

Dated:    New York, New York
          May 1, 2007

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
Michael S. Davis (MD-6317)
Anthony I. Giacobbe, Jr. (AG-0711)
  Attorneys for Petitioner
575 Lexington Avenue
New York, New York 10022
(212) 223-0400